**Nestor YEROSTATHIS, aka Nestor Gerostathis, Appellant,**

v.

**A. LUISI, LTD., and Shipping Developments Corp., Appellees.**

**No. 21053.**

United States Court of Appeals Ninth Circuit.

June 21, 1967.

———◆———

Margolis & McTernan, Los Angeles, Cal., Richard Gladstein, Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for appellant.

Gordon K. Wright, Kenneth R. Chiate, Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for appellees.

Before HAMLIN, JERTBERG and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

Nestor Yerostathis, appellant herein, is a Greek citizen and seaman. On June 17, 1963, in Belgium, he signed on as Second Engineer aboard the M.V. ARGO ELLAS, using a contract written entirely in Greek. Appellee Shipping Developments Corporation, the owner of the M.V. ARGO ELLAS, is incorporated in Panama, has its principal place of business in Piraeus, Greece, and has no citizens of the United States among its stockholders. It registered the M.V. ARGO ELLAS under the Greek flag and manned it exclusively with Greek subjects. Appellee A. Luisi, Ltd. acts as general agents for the M.V. ARGO ELLAS, being responsible for the general operation of the vessel subject to instructions from its owner. It, too, has no American stockholders.

On October 8, 1963, appellant was injured in the course of his employment aboard the M.V. ARGO ELLAS and two days later he was repatriated by air from Chittagong, Pakistan, to Greece where he was attended by Greek doctors. All expenses for his transportation and treatment were paid for by Shipping Developments Corporation.

The contract appellant signed included the following provision as translated from Greek:

"It is explicitly agreed between the contracted parties that if any difference in connection with the present agreement, and in particular for the claims due to illness or accident, the Law Courts of Athens will be solely competent."

Apparently the law courts of the United States provided a more attractive forum. On February 15, 1965, the appellant initiated a libel based on unseaworthiness and negligence seeking $200,000 in damages for his injury and seized the SS ARGO OLLANDIA which is owned and operated by appellees and was harbored at Long Beach, California. Jurisdiction was based in the United States District Court for the Southern District of California, Central Division, on this seizure. Appellees entered a special appearance excepting to the libel under Admiralty Rule 27 on the ground, *inter alia,* that "The doctrine of forum non-conveniens dictates a declination of jurisdiction." The district court treated the exception as a motion for summary judgment under Admiralty Rule 58 and, therefore, considered uncontradicted affidavits submitted by appellees which supplied the facts above stated. The court then sustained the exceptions to the libel and dismissed the case by declining to take jurisdiction.

There is no genuine conflict as to the facts relied on by the district court. The district court properly granted a summary judgment if appellees were entitled to prevail as a matter of law. United Nations Children's Fund v. S/S Nordstern, 251 F.Supp. 833 (S.D.N.Y. 1965); India Supply Mission v. SS Overseas Joyce, 246 F.Supp. 536, 538 (S.D. N.Y.1965); United States v. Tug Parris Island, 215 F.Supp. 144, 148 (E.D. N.Car.1963). We think that the disposition by the district court was proper.

In 1947 the Supreme Court recognized the doctrine of *forum non conveniens* in the federal courts. In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504,

507, 67 S.Ct. 839, 841, 91 L.Ed. 1055 (1947) the Court stated:

"This Court, in one form of words or another, has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances. As formulated by Mr. Justice Brandeis, the rule is:

"'Obviously, the proposition that a court having jurisdiction must exercise it, is not universally true; else the admiralty court could never decline jurisdiction on the ground that the litigation is between foreigners. Nor is it true of courts administering other systems of our law. Courts of equity and of law also occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or nonresidents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal.' Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U.S. 413, 422–423, 52 S.Ct. 413, 76 L.Ed. 837.

\*    \*    \*    \*    \*    \*

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."

The year following the decision in Gulf Oil Corp. v. Gilbert, Congress adopted 28 U.S.C. § 1404 which provided "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Appellant argues that this statute supersedes the inherent power of the courts to dismiss a case and provides for transfer as the only remedy for a case brought in an inconvenient forum.

Appellant's principal authority is Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955) which held that transfer under 28 U.S.C. § 1404 is permissible even in cases where the strict requirements of *forum non con-*

*veniens* are not met. In support of its conclusion that the statutory provision for transfer was intended. to do more than codify the existing law of *forum non conveniens,* the Supreme Court stated at page 32, at page 546 of 75 S.Ct.:

"The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404 (a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification."

We agree that § 1404(a) eliminated the necessity of dismissal by granting authority for district courts to transfer a case to another area. However, we cannot agree with appellants that Norwood v. Kirkpatrick holds that the doctrine of *forum non conveniens* was eliminated in cases where its application is called for and where § 1404(a) could not be used.

Appellant has cited many cases in support of his position; all are distinguishable. North Branch Prod., Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960) cert. denied 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705, was a suit to try title to a patent. The district court's dismissal under the doctrine of *forum non conveniens* was reversed as an erroneous exercise of its discretion; the power to dismiss because of *forum non conveniens* was never questioned. Collins v. American Automobile Ins. Co., 230 F.2d 416 (2d Cir. 1955) appeal dismissed 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37, and Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10th Cir. 1950) held that where transfer under 28 U.S.C. § 1404(a) was possible, dismissal under the doctrine of *forum non conveniens* was improper. Burges v. Procter & Gamble Defense Corp., 172 F.2d 541 (5th Cir. 1949) and Schoen v. Mountain Producers Corp., 170 F.2d 707, 5 A.L.R.2d 1226 (3rd Cir. 1948) cert. denied 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095 both remanded to the district court to determine whether transfer of the case under 28 U.S.C. § 1404(a) would be appropri-

ate. Obviously, none of these cases involved suits between foreign nationals where a more convenient forum was not located in the United States thus preventing use of 28 U.S.C. § 1404(a).

On the other hand, Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 645 (2d Cir. 1956) cert. denied 352 U.S. 871, 77 S.Ct. 144, 1 L.Ed.2d 120 directly holds that the doctrine of *forum non conveniens* remains established notwithstanding the passage of 28 U.S.C. § 1404(a):

"The doctrine of *forum non conveniens* is now firmly established in federal law. Koster v. Lumbermen's Mut. Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. 28 U.S.C. § 1404(a) has, in effect, codified and replaced this doctrine whenever the more convenient tribunal is a United States district court where the action '"might have been brought."' Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 547, 99 L.Ed. 789. But the federal courts retain the inherent power to refuse jurisdiction of cases not within § 1404(a)—cases which should have been brought in a foreign jurisdiction, rather than in the United States. De Sairigne v. Gould, 2 Cir. 1949, 177 F.2d 515 affirming D.C., 83 F.Supp. 270, certiorari denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338; Latimer v. S/A Industrias Reunidas F. Matarazzo, D.C.S.D.N.Y. 1950, 91 F.Supp. 469."

We agree with this holding. See also Gross v. Owen, 95 U.S.App.D.C. 222, 221 F.2d 94 (1955). 1A Moore's Federal Practice par. 0.204 (2d ed.).

■ Appellant, while admitting that the district court had discretion to dismiss under the exercise of the doctrine of *forum non conveniens,* has also argued that the district court's invocation of this doctrine was an abuse of discretion. Under the circumstances of this case, we find no such abuse.

Judgment affirmed.