664 F.2d 205
 Stuart MISKOW, individually and as executor of the estate of
Peter J. Miskow, deceased on behalf of the estate
and heirs of said decedent, et al.,
Plaintiffs/Appellants,
v.
The BOEING COMPANY, a corporation, McDonnell Douglas
Corporation, a corporation, and Rohr Industries,
Inc., a corporation, Defendants/Appellees.
 No. 79-3404.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Sept. 10, 1981.
Decided Oct. 28, 1981.
 
 John C. Elstead, Stearns, Bostwick and Tehin, San Francisco, Cal., for plaintiffs-appellants.
 Thomas J. McLaughlin, Seattle, Wash., Allan R. Moltzen, Jr., Los Angeles, Cal., and Perkins, Cole, Stone, Olsen & Williams, Seattle, Wash. (argued), for defendants-appellees; Rudi M. Brewster, Gray, Cary, Ames & Frye, San Diego, Cal., Keith Gerrard, Seattle, Wash. and Robert Forgnone, Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT and WALLACE, Circuit Judges, and CARROLL, District Judge.*
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This appeal involves an airplane crash in Cranbrook, British Columbia. The issue is whether the District Court for the Central District of California properly dismissed for forum non conveniens suits for wrongful death resulting from the accident.
 
 FACTS
 
 2
 On February 11, 1978, a Boeing 737 operated by Pacific Western Airlines, Ltd. (PWA) of Canada attempted to land at the Cranbrook airport in a snowstorm.
 
 
 3
 As the airplane landed, the pilot saw snow removal equipment still on the runway. He applied forward thrust in an apparent attempt to make a "go-around" to land again. But after reaching an altitude of approximately 200 feet, the airplane banked sharply to the left and crashed. Forty-three persons were killed and six were injured. All passengers and crew were Canadian citizens.
 
 
 4
 A coroner's jury determined that inadequate communication between Calgary Air Traffic Control, Cranbrook Aeradio, and the aircraft, as well as the pilot's decision to abort the landing and attempt a go-around were "contributing factors" to the cause of the crash. Because of the failure of communication, Cranbrook controllers were unaware that the airplane was arriving ten minutes early and the snow machinery was not alerted to move from the runway. The jury found also that the pilot's attempted maneuver was contrary to a caution issued to PWA pilots that initiation of the thrust reverser sequence could prevent a successful go-around. It further found that the failure of a thrust reverser on the No. 1 engine to stow during this maneuver caused the aircraft to bank sharply to the left and crash.
 
 
 5
 After the accident, PWA, Boeing, the Canadian government, and the city of Cranbrook, entered an agreement authorizing PWA to negotiate settlement of all passenger claims, leaving the ultimate allocation of responsibility for later resolution. PWA wrote to counsel for each passenger, offering to negotiate a settlement or to stipulate to liability and try the damage issues in Canada. Between June and August of 1978, approximately 30 actions were filed in British Columbia against the several defendants, including PWA, the Canadian government, the city of Cranbrook, Boeing, and Rohr.
 
 
 6
 In February 1979, the appellants filed suit in the district court for the Central District of California against Boeing, Rohr, and McDonnell Douglas.[1] They alleged that defects in appellees' thrust reverser system caused the crash. These actions were filed four days after the California Superior Court in San Diego ordered a forum non conveniens dismissal of similar actions brought by some of the appellants against Boeing, Rohr, and PWA. The district court also dismissed for forum non conveniens.[2]
 
 DISCUSSION
 
 7
 The common law doctrine of forum non conveniens is applied to the federal courts by the 1947 Supreme Court decisions of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and Koster v. Lumbermens Mutual Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). These cases essentially prescribe a weighing of "private" and "public" factors to determine where, as between the forum of present jurisdiction and another, the action would more properly be heard. The court warned that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp., 330 U.S. at 508, 67 S.Ct. at 843. Yet it recognized that the doctrine left "much to the discretion of the court to which the plaintiff resorts." Id.
 
 
 8
 The doctrine of forum non conveniens in the federal courts was partly displaced with the passage of 28 U.S.C. § 1404, which requires transfer instead of dismissal if the cause can be heard in a more convenient district or division. We have recognized, however, that this section was not meant to displace entirely the common law doctrine. When the action should have been brought abroad instead of in the United States, the common law doctrine is to be applied. Yerostathis v. A. Luisi, Ltd., 380 F.2d 377, 379 (9th Cir. 1967); Paper Operations Consult. Int., Ltd. v. SS Hong Kong Amber, 513 F.2d 667, 670 (9th Cir. 1975).
 
 
 9
 We determine only whether the district court abused its discretion in dismissing this action instead of transferring it to another district or division. To make this determination we inquire only whether the court properly weighed the "factors" enumerated in Gulf Oil Corp., supra, and recognized in this circuit by Paper Operations Consult., supra. We are convinced that it did.
 
 
 10
 In Gulf Oil Corp., 330 U.S. at 508-09, 67 S.Ct. at 843, the Supreme Court listed these factors for consideration:1. Private interests
 
 
 11
 a. relative ease of access to sources of proof
 
 
 12
 b. availability of compulsory process for attendance of unwilling witnesses
 
 
 13
 c. cost of obtaining attendance of willing witnesses
 
 
 14
 d. possibility of view of premises
 
 
 15
 e. enforceability of judgment
 
 
 16
 f. relative advantages and obstacles to fair trial
 
 2. Public interests
 
 17
 a. administrative difficulties from congestion when litigation is not handled at its origin
 
 
 18
 b. imposition of jury duty on people of a community which has no relation to the litigation
 
 
 19
 c. local interest in having localized controversies decided at home
 
 
 20
 d. having diversity cases tried in a forum that is at home with the law that must govern the case.
 
 
 21
 We have recognized that these factors are not exclusive and that some weigh more heavily in a court's determination than others. Paper Operations, 513 F.2d at 670-72 and n.11. Weighing these factors, a district court may decide that transfer to another district or division will not significantly alleviate the burden that retention of jurisdiction would impose on private and public interests and that dismissal is appropriate.
 
 
 22
 The standard to be applied is whether, in light of these factors, defendants have made a "clear showing" that either: "(1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." Id. at 670 (quoting Hoffman v. Goberman, 420 F.2d 423, 426-27 (3d Cir. 1970)).
 
 
 23
 We have reviewed the record and, applying the above standard, hold that the district court's dismissal of this action for forum non conveniens conditioned upon defendants' submitting to Canadian jurisdiction was within its discretion.
 
 
 24
 AFFIRMED.
 
 
 
 *
 Of the District of Arizona
 
 
 [1]
 Appeal from the district court's dismissal was originally brought by the following parties, individually and as executors of the estates of persons killed in the crash:
 
 
 [1]
 Glenda R. Orr, Shonna L. Rosse, Verla C. Nickerson
 
 
 [2]
 Thomas Sprague
 
 
 [3]
 Stuart Miskow
 
 
 [4]
 Peter Thiessen
 
 
 [5]
 Frank A. Urban
 
 
 [6]
 Grant F. R. Thompson
 
 
 [7]
 Niels E. Knudsen
 
 
 [8]
 Mary A. Martin
 
 
 [9]
 Patrick M. Gilmartin
 
 
 [10]
 Olav. H. Juel
 
 
 [11]
 Miriam L. Riddell
 
 
 [12]
 William Henderson
 
 
 [13]
 Jacquelin L. Hemmelgarn
 
 
 [14]
 Scott C. Watson
 
 
 [15]
 Maria G. Giuriato, Cirillo Giuriato
 
 
 [16]
 Ronald Sims, Cherry N. Sims
 
 
 [17]
 Jamis K. MacFarlane
 
 
 [18]
 Douglas G. Howard
 All but five of these parties have settled and by stipulation are out of this action. Our judgment applies only to plaintiff-appellants Stuart Miskow, Peter Thiessen, Niels Knudsen, Patrick M. Gilmartin, and Scott C. Watson.
 
 
 [2]
 Because our disposition reaches the same result arrived at by the state court, we need not decide whether Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) would compel us to apply state forum non conveniens law. If we were in doubt, the plaintiff-appellants would have a difficult burden to convince this court that it should not follow the state court's determination