Nina CHENG, Individually and as personal representative of the Estate of Thomas T.O. Cheng, Deceased, et al., Plaintiffs-Appellants,

v.

The BOEING COMPANY, et al., Defendants-Appellees.

Shunsaku HARADA and Masa Harada, in their individual capacities and as Heirs at Law and Legal Successors of Akiko Harada, Deceased, et al., Plaintiffs-Appellants,

v.

The BOEING COMPANY, et al., Defendants-Appellees.

LUI SU NAI–CHAO, et al., Plaintiffs-Appellants,

v.

The BOEING COMPANY, et al., Defendants-Appellees.

Nos. 82–4267, 82–4283, 82–4284 and 82–4288 to 82–4302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1983.

Decided June 20, 1983.

Paul H. Due, Due, Dodson, deGravelles, Baton Rouge, La., Arthur S. Katayama, Los Angeles, Cal., for plaintiffs-appellants.

Michael M. Marron, Marron, Reid & Sheehy, David W. Gordon, Bronson, Bronson & McKinnon, San Francisco, Cal., Frank A. Silane, Condon & Forsyth, Los Angeles, Cal., for defendants-appellees.

Before MERRILL, SNEED, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The *Cheng* and *Harada* plaintiffs brought actions against Boeing, United Airlines, and Far Eastern Air Transport in the U.S. District Court for the Northern District of

California on claims arising out of the crash of a commercial airliner in Taiwan in 1981. Defendants asserted that Taiwan was a more convenient forum and moved that plaintiffs' cause be dismissed on the ground of *forum non conveniens.* The district court granted defendants' motion. Plaintiffs appeal.

The crash involved a Boeing 737–200 operated by Far Eastern Air Transport. Boeing manufactured the plane in 1968 and United Airlines operated it within the United States until 1976, when it sold it to Far Eastern. From 1976 until the day of the crash, Far Eastern operated and serviced the aircraft. Far Eastern performed all maintenance in accordance with a program authorized by Boeing. At the time of the accident Boeing had trained 54 members of Far Eastern's maintenance staff.

The crash occurred on August 22, 1981, during an intra-Taiwan flight and killed all aboard. The airplane exploded shortly after take-off at 20,000 feet, scattering debris over a wide area of rugged terrain south of Taipei. The China Civil Aeronautics Authority, with the assistance of the U.S. National Transportation Safety Board, Boeing, and United, conducted a full-scale investigation of the accident. Much of the wreckage was taken to the United States for examination and testing but was later returned to Taiwan. It remains there, although Boeing retains some fragments.

Four days after the district court granted Boeing's motion to dismiss on grounds of *forum non conveniens,* the Taiwan Ministry of Communications announced the results of the investigation. The Authority found, *inter alia,* that there were no eyewitnesses to the accident, that there was no pilot or crew error, that there were no maintenance defects, that there were no adverse weather conditions at the time of the crash, and that the cause of the accident was the rupture under pressure of the body of the aircraft due to cracks in its structure caused by rust and corrosion. The Authority noted that the U.S. Federal Aviation Agency had documented 237 instances of similar cracks in 154 Boeing planes of the same type.

This appeal consolidates nineteen separate wrongful death actions filed by representatives of passengers killed in the accident. The passengers included citizens of Taiwan, Japan, Canada, and the United States. At the time Boeing's motion to dismiss was argued before the district court, most of the *Cheng* plaintiffs were Taiwanese. Among the plaintiffs, however, were seven Americans and four Taiwanese residents of the United States. Boeing and United have since settled with most of these eleven plaintiffs and, at this time, only a small number of plaintiffs who are either citizens or residents of the United States remain active in this litigation. The *Harada* plaintiffs are forty-six Japanese citizens, suing in behalf of eighteen Japanese decedents.

This litigation began when the *Cheng* plaintiffs filed three complaints in the Northern District of California naming Boeing and other American corporations as defendants. At the same time they sought to depose two Boeing employees. Boeing successfully moved to quash the notices of deposition and to stay discovery pending its filing of a motion to dismiss on the ground of *forum non conveniens.*

Boeing filed a motion to dismiss or, in the alternative, to transfer the case to the Western District of Washington. Ten days later the *Harada* plaintiffs filed fifteen actions, naming Boeing, United Airlines, and Far Eastern Air Transport as defendants. On that day the district court granted Boeing's motion to quash the notices of deposition and stayed all discovery.

On January 11, 1982, the *Cheng* plaintiffs amended their complaint, adding more plaintiffs, dropping all the original defendants but Boeing, and adding United as a defendant. On January 22 Boeing and United argued the motion to dismiss on the ground of *forum non conveniens.* On March 1 Far Eastern answered the *Harada* complaint, raising *forum non conveniens* as an affirmative defense. With Boeing's and United's motion under submission, the court ordered a stay on all matters pending decision on the motion. On March 8 and 12

plaintiffs moved for leave to file additional documents or, in the alternative, for an evidentiary hearing on the pending motion. After reviewing plaintiffs' documents, the court denied the motion.

On April 13, 1982, the court granted defendants' motion to dismiss on the ground of *forum non conveniens* but conditioned the dismissal on Boeing's and United's agreement to the following four-part undertaking:

1. The courts of Taiwan have, and will assert, jurisdiction over these actions.

2. Defendants will submit themselves to the jurisdiction of the Taiwanese court, and will make their employees available to testify in Taiwan.

3. Defendants agree to waive any statute of limitations claims arising from the date that these actions were filed to the date that this Order dismissing the complaints becomes effective.

4. Defendants consent to satisfy any judgment that may be rendered against them in Taiwan.

The dismissal as to Far Eastern was unconditional.

### STANDARD OF REVIEW

■ Our standard of review is narrow: The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

### ISSUE

The only issue is whether the district court abused its discretion in dismissing these cases on the ground of *forum non conveniens.* We affirm.

### ANALYSIS

Whether the district court abused its discretion by granting defendants' motion to dismiss on the ground of *forum non conveniens* depends on the application to the facts of this case of the doctrine which the Supreme Court enunciated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The district court found that the facts in *Reyno* were sufficiently analogous to the facts in this case to justify dismissal on grounds of *forum non conveniens.* Plaintiffs argued on appeal that there are sufficient differences between the two cases to justify a contrary result in the case now before us and that the district court's failure to recognize the consequences of these differences was an abuse of discretion.

■ The doctrine of *forum non conveniens* permits a court to decline to exercise its jurisdiction for prudential reasons. Although 28 U.S.C. § 1404(a) codifies the rule of *forum non conveniens* when the choice is between alternative forums within the United States, the common law governs when it is a choice between a United States and a foreign forum. *Paper Operations Consultants International, Ltd. v. SS Hong Kong Amber,* 513 F.2d 667, 670 (9th Cir. 1975). When a court decides in its discretion that a case before it should more appropriately be tried in a foreign forum, it may dismiss the case. *Miskow v. Boeing Co.,* 664 F.2d 205, 208 (9th Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1717, 72 L.Ed.2d 138 (1982).

In *Gulf Oil v. Gilbert* the Supreme Court set forth the factors which a trial court must consider in ruling on a motion to dismiss on the ground of *forum non conveniens.* The Court enumerated both the "private interest factors" affecting the convenience of the litigants and the "public interest factors" affecting the convenience of the forum. The private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the

cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508, 67 S.Ct. at 843. The public interest factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 508–09, 67 S.Ct. at 843.

The Court in *Gilbert* noted that the plaintiff's choice of forum should not be disturbed "unless the balance is strongly in favor of the defendant." *Id.* at 508, 67 S.Ct. at 843. We have recently indicated that the standard to be applied is whether, in light of these factors, defendants have made a "clear showing of facts which either (1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Miskow v. Boeing Co.,* 664 F.2d at 208, *quoting Hoffman v. Goeberman,* 420 F.2d 423, 426–27 (3d Cir.1970).

In *Reyno* the representative of the estates of several Scottish citizens killed in an airplane accident in Scotland brought wrongful death actions in a California state court against two American manufacturers. The defendants then removed to federal court and the action was transferred to the Middle District of Pennsylvania. At the time of the crash the plane was registered in Great Britain and owned and operated by companies organized in the United Kingdom. The pilot and all the decedents' heirs and next of kin were Scottish citizens. British authorities conducted the investigation of the accident. Decedents' representatives sought to recover on the basis of negligence or strict liability, the latter not recognized by Scottish law.

We agree that the facts in *Reyno* are sufficiently similar to the facts in the present case to support the district court's conclusion that Taiwan was the more appropriate forum. We find no abuse of discretion.

*Existence of an adequate alternative forum*

The district court began its analysis with a determination that Taiwan was an adequate alternative forum, as required by *Reyno.* 454 U.S. at 254, n. 22, 102 S.Ct. at 265 n. 22. The *Cheng* appellants challenged the basis of that determination, arguing that Taiwan was not an adequate forum because (1) a Taiwan court would not have jurisdiction, (2) the filing fee requirements of a Taiwanese court would be burdensome, and (3) the American law which would govern these actions would pose difficulties for a Taiwanese court. The *Cheng* appellants offered affidavits of two Chinese legal authorities in support of these arguments, while Boeing offered the opinion of one expert rejecting these arguments. The trial court considered the affidavits and decided that the views of Boeing's expert were more persuasive.

The court rejected all of plaintiffs' arguments, finding that a Taiwan court would have jurisdiction over these cases; that the requirement of a filing fee, although a burden, was not sufficient to deny plaintiffs access to a Taiwanese court, particularly since they did not show that the burden was oppressive; and that Taiwan courts were fully competent to decide questions of American law, assuming American law to apply.

Plaintiffs complain that the district court's finding that Taiwan was an adequate alternative forum was unsupported by the evidence and that the court improperly transformed the affirmative burden on Boeing of showing that an alternative forum existed into a negative burden on them to demonstrate that the forum proposed by Boeing was not adequate. Plaintiffs cite

post-*Reyno* cases for the propositions that the burden of proving an alternative forum is the defendant's and that the remedy must be clear before the case will be dismissed. *See, e.g., Canadian Overseas Ores, Ltd. v. Compania de Acero del Pacifico,* 528 F.Supp. 1337 (S.D.N.Y.1982).

■ The defendant bears the burden of proving the existence of an adequate alternative forum. *See Schertenleib v. Traum,* 589 F.2d 1156, 1160 (2d Cir.1978). Boeing has provided sufficient proof. The district court did not abuse its discretion in finding that Boeing's assertion that Taiwan was an adequate forum was supported by sufficient evidence.

■ Plaintiffs argue that the district court failed to give proper consideration and weight to the fact that the actions involved several American plaintiffs. The presence of American plaintiffs, however, is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens. Alcoa Steamship Company, Inc. v. M/V Nordic Regent,* 654 F.2d 147, 154–58 (2d Cir.) (en banc), *cert. denied,* 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980); *Pain v. United Technologies Corp.,* 637 F.2d 775, 795–99 (D.C.Cir.1980), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981). The record reflects that the district court gave proper consideration to this factor in reaching its decision. Plaintiffs also argue that the abrogation by the United States of the 1948 Treaty of Friendship, Commerce and Navigation between the United States and Taiwan has eliminated the right of a United States citizen to sue in a Taiwan court. Because plaintiffs did not raise this issue in the district court, we do not consider it on appeal. Finally, plaintiffs argue that a Taiwan court would have difficulty in applying American law. We find no error in the district court's conclusion that a Taiwan tribunal is competent to decide questions of American law, if American law should apply to the issues in this litigation. We recognize that the necessity of applying American law may add weight to the factors favoring retention of jurisdiction, *Fish-*

*er v. The Agios Nicolaos V,* 628 F.2d 308, 314–15 (5th Cir.1980), *cert. denied,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981), but we do not find sufficient weight here to support a rejection of the district court's conclusion that Taiwan is the more appropriate forum.

The *Harada* brief makes additional arguments as to the Japanese plaintiffs based on the 1948 Multilateral Treaty of Peace with Japan, the 1952 Republic of China-Japan Treaty of Peace, and Japan's 1972 unilateral abrogation of the 1952 Treaty. These arguments, as well as the arguments based on Federal Aviation Authority regulations; the fifth amendment to the U.S. Constitution, 42 U.S.C. § 1981; the Federal Aviation Act, 49 U.S.C. §§ 1301–1542; the Trading with the Enemy Act, 50 U.S.C.App. §§ 1–44; and 28 U.S.C. §§ 1337 and 1350, were not raised in the district court.

The district court analyzed the private interest factors which demonstrate that Taiwan is an adequate alternative forum. *See Reyno,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6. The district court also considered the public interest factors in its application of the test enunciated in *Pain v. United Technologies:*

> [F]irst, that courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it; second, that courts may legitimately encourage trial of controversies in the localities in which they arise; and third, that a court may validly consider its familiarity with governing law when deciding whether or not to retain jurisdiction over a case. Thus, even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant *forum non conveniens* dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained. . . .

637 F.2d at 791–92 (derived from *Gulf Oil v. Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843) (footnotes omitted).

*Refusal to permit discovery*

■ Upon filing their complaint, plaintiffs also sought to depose two Boeing employees. The court quashed the notices of deposition and barred all further discovery. However, the court accepted the affidavit of one of the employees plaintiffs sought to depose. Plaintiffs argue that the district court abused its discretion by denying discovery limited to the *forum non conveniens* issue and then accepting the affidavit of one of the witnesses that they had sought to depose. The denial of discovery was not an abuse of discretion:

> An appellate court will not interfere with the trial court's refusal to grant discovery except on the clearest showing ... [of] actual and substantial prejudice to the litigant.... Discovery, however, "should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Kilpatrick v. Texas and P. Ry.*, 72 F.Supp. 635, 638 (S.D.N.Y.1947).

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 431 n. 24 (9th Cir.1977). Although it is possible that discovery might have provided more detail, we find that Boeing and United provided "enough information to enable the District Court to balance the parties' interests." *Reyno*, 454 U.S. at 258, 102 S.Ct. at 267.

Plaintiffs argue that discovery would have shown that there were other lawsuits arising out of this aircrash pending in California courts and that Boeing had not raised *forum non conveniens* there as a defense. They also argue that discovery would have demonstrated that they could obtain jurisdiction over Far Eastern Air Transport because it had filed a lawsuit in California in 1975, averring in its complaint that it was authorized to do business in California. At oral argument, however, defendants demonstrated that all California state litigation arising out of this aircrash has been settled or dismissed and that the 1975 lawsuit was brought without Far Eastern's authorization or its knowledge.

While plaintiffs correctly assert that *forum non conveniens* questions are often an appropriate subject for directed discovery, *Lekkas v. Liberian M/V Caledonia*, 443 F.2d 10 (4th Cir.1971), that a plaintiff ordinarily should not be required to rely on a movant's affidavits on a motion to dismiss, and that a plaintiff should be able to conduct directed discovery on the issues raised by the motion, *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir.1980), we find no abuse of discretion.

*Far Eastern Air Transport as a defendant*

■ Far Eastern is a Taiwan corporation which does no business in California. Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants. 28 U.S.C. § 1332. Further, the Federal Aviation Act, 49 U.S.C. §§ 1301–1542, does not apply to the activities of a foreign carrier operating between two foreign points without contact in the United States. 49 U.S.C. §§ 1301(23)(c), (24)(c). There is therefore no federal question jurisdiction over Far Eastern. *See* 28 U.S.C. § 1331.

Affirmed.