985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra Brooks PHILLIPS, individually, and as Guardian Ad
Litem for James Brooks Phillips, a minor; John
Wayne Phillips, Jr., Plaintiffs-Appellants,
v.
CHINA AIRLINES, LTD., Defendant-Appellee.
 No. 91-56026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV 90-0802-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandra Brooks Phillips, a California citizen, brought this wrongful death action individually and as guardian ad litem for her children against China Airlines, Ltd. ("China Air"), a citizen of the Republic of China (Taiwan). The action arose when Phillips' husband died in an airplane crash during a domestic Taiwanese flight between the cities of Hualien and Taipei. The district court dismissed the Phillips' claims upon grounds of forum non conveniens. The Phillips appeal that ruling. We affirm.
 
 Our standard of review is narrow:
 
 3
 The forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.
 
 
 4
 Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).
 
 
 5
 We cannot say that the district court erred in reaching its decision. In its ruling, the court cited two cases where this court and the Supreme Court held, in analogous factual circumstances, that a forum is not sustained in the United States where a foreign airliner crashes on its own soil, the airline is governed by the rules and regulations of that country, and the foreign country provides an adequate alternative forum for lawsuits. Id.; Cheng v. Boeing Co., 708 F.2d 1406 (9th Cir.), cert. denied, 464 U.S. 1017 (1983). Faced with this precedent, it was within the district court's sound discretion to decline to assume jurisdiction over the controversy on grounds of forum non conveniens.
 
 
 6
 Citing Van Dusen v. Barrack, 376 U.S. 612 (1964), Phillips argues that China Air waived objections to venue when it removed the action from California state court to federal district court. Aside from the fact that this argument was not presented to the district court, see United States v. Reyes-Alvarado, 963 F.2d 1184, 1187, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992) (the Ninth Circuit does not generally decide issues for the first time on appeal), it is meritless. The Supreme Court has plainly stated that "[t]he reasoning employed in [Van Dusen ] is simply inapplicable to dismissals on grounds of forum non conveniens." Reyno, 454 U.S. at 253. In Reyno, the action was dismissed pursuant to forum non conveniens even though it had been removed from the Superior Court of California to federal district court and then transferred to yet another federal district court. Another case the appellant cites, Polizzi v. Cowles Magazine, 345 U.S. 663 (1953), does not stand for the proposition, as appellants believe, that a venue objection is lost by removing an action to federal court. Polizzi stands only for the proposition that it is improper to dismiss for lack of jurisdiction under 28 U.S.C. § 1391(c) where removal to federal district court is proper under the venue statute, 28 U.S.C. § 1441(a).
 
 
 7
 The appellants claim the district court should have applied California law to this action. However, they properly concede that "federal forum non conveniens law is admittedly procedural." Appellants' Opening Brief at 23. In a diversity case, a federal court applies federal procedural law. Caesar Electronics Inc. v. Andrews, 905 F.2d 287, 289 n. 3 (9th Cir.), cert. denied, 111 S.Ct. 518 (1990); Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir.1982) ("if there is a federal rule of procedure ... such rule governs in a federal diversity action even if resort to state law would lead to a different result.").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3