Yumi ITO, an individual on behalf of herself and on behalf of the People of the State of California (for the benefit of the Internal Revenue Service and the California Franchise Tax Board), Plaintiff—Appellant,

v.

TOKIO MARINE & FIRE INSURANCE COMPANY, LTD., a corporation, Defendant—Appellee.

No. 04–55145.

D.C. No. CV–03–06835–JFW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Jan. 25, 2006.

6. 42 U.S.C. § 9614(a).

7. 42 U.S.C. § 9613(f); *W. Props. Serv. Corp. v. Shell Oil Co.*, 358 F.3d 678, 690 (9th Cir. 2004).

933

Robert A. Miller, Esq., La Crescenta, CA, Samuel P. Britton, Esq., Costa Mesa, CA, for Plaintiff–Appellant.

Michael E. Bubman, Esq., Horgan Rosen Beckman & Coren LLP, Calabasas, CA, Timothy M. Thornton, Nelsen Thompson Pegue and Thornton, Santa Monica, CA, for Defendant–Appellee.

Before HUG, SILER,* and WARDLAW, Circuit Judges.

## MEMORANDUM **

Yumi Ito appeals the district court's dismissal for *forum non conveniens* of her action for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud against Tokio Marine and Fire Ins. Co., Ltd. (Tokio). Because we conclude that the district court abused its discretion by erroneously failing to place the burden of showing inconvenience on Tokio and unreasonably balancing the private and public interest factors, we reverse and remand. Having reweighed the factors under a correct application of the

law, we hold that Tokio's claim of *forum non conveniens* is without merit, and that California is the appropriate forum.

1. As a preliminary matter, the district court committed two errors, which tainted its analysis of the private and public interest factors. First, the district court misapprehended the nature of the claims before it. For example, the district court stated that "[t]his action arises out of injuries Plaintiff suffered" in a 1995 Japanese car accident. To the contrary, this action arises from Tokio's breach of its 1996 agreement to pay for medical costs plaintiff incurred in the United States at Tokio's suggestion. Tokio's stated rationale for stopping medical payments was lack of information from Ito's United States physicians, an issue that does not require relitigation of the injuries sustained in the car accident.

■ Second, the district court improperly apportioned the burden of proof between the parties. Tokio, the party moving to dismiss for *forum non conveniens*, bore the burden of making a "clear showing" of facts that either "(1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Miskow v. Boeing Co.*, 664 F.2d 205, 208 (9th Cir.1981) (internal quotation marks omitted). Without such a showing, the district court cannot assume that the movant's assertions establish inconvenience, as the district court did here.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ *2. Private Interest Factors.* Contrary to established Supreme Court authority, the district court failed to give any deference to Ito's United States citizenship and choice of home forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ("[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum."). Although the district court acknowledged that courts give substantial deference to a plaintiff's choice of forum, and included residence of the parties in its enumeration of private interest factors, it did not actually weigh Ito's citizenship and choice of forum in its private interest analysis, focusing instead on Tokio's bare allegations of numerous Japanese witnesses and documents.

■ The court improperly relied on the number of witnesses located in Japan rather than assessing the materiality of their proposed testimony to the allegations in the complaint. *See Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335–36 (9th Cir.1984) (reversing the district court's *forum non conveniens* dismissal in part because the district court "should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum," rather than simply noting that 23 of the 44 witnesses were located in the alternative forum). In doing so, the court incorrectly failed to hold Tokio to its burden of proof. In fact, Tokio did not meet its burden because it failed to provide information about its proposed witnesses that would be sufficient to support a determination that the location of witnesses in Japan favors dismissal. The district court improperly assumed that Tokio's witnesses are material to the litigation.

The district court committed the same error by concluding that because the bulk of Tokio's documents referenced in its papers were located in Japan and written in Japanese, it would be more convenient to try the case there. Again, Tokio failed to provide specific information about the relevance and materiality of those documents, and therefore failed to meet its required burden.

■ *3. Public Interest Factors.* The district court improperly discounted the interests of California and the United States in the litigation. Ito seeks damages for breach of contract and for the tort of breach of the covenant of good faith and fair dealing. The injury caused by the alleged breaches were to a California state resident in California. We have recognized consistently that "California has a strong interest in providing a forum for its residents and citizens who are tortiously injured." *Dole Food Co. v. Watts,* 303 F.3d 1104, 1115–16; *see also Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 302 (9th Cir.1986) ("California has a strong interest in providing an effective means of redress for its residents when their insurers refuse to pay claims.") (internal quotation marks omitted). While Japan may have some interest in protecting its corporate insurers, that interest does not outweigh California's interest in protecting its citizens and ensuring that they are compensated for injuries occurring in California.

■ The district court also improperly analyzed the issue of court congestion by commenting on congestion in the Central District without considering whether Japan provided a speedier forum. In considering the administrative difficulties flowing from court congestion, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet,* 743 F.2d at 1337. The consideration of docket congestion in balancing the public interest

factors is intended to weigh relative convenience; *forum non conveniens* "should not be used as a solution to court congestion." *Id.*

4. Because the district court failed to hold Tokio to its burden of making a clear showing of facts required to merit the "exceptional tool" of a *forum non conveniens* dismissal, *see Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir.2000), and improperly balanced the private and public interest factors, it abused its discretion in ruling that Japan was a more convenient forum in which to pursue this action. Having reweighed the relevant factors under the applicable law, we hold that Japan is not a more convenient forum for this action and that Ito may pursue her action in the forum she selected.

REVERSED and REMANDED.