**ARGOQUEST HOLDINGS, LLC,**
**Plaintiff–Appellant,**

v.

**ISRAEL DISCOUNT BANK, LTD.,**
**a foreign bank, Defendant–**
**Appellee.**

No. 05–55712.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 19, 2007.

Troy A. Thielemann, Esq., Cappello & McCann, Santa Barbara, CA, Dan Marmalefsky, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Plaintiff-Appellant.

Sean Unger, Kevin C. McCann, Esq., Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Robert S. Span, Esq., Paul Hastings, Janofsky & Walker, LLP, Los Angeles, CA, Charles B. Cohler, Esq., for Defendant-Appellee.

Before: PREGERSON, FERNANDEZ and SILER,* Circuit Judges.

**MEMORANDUM**[**]

Argoquest Holdings, LLC appeals the district court's forum non conveniens dismissal of its contract and tort action against Israel Discount Bank Ltd. We affirm.

The district court did not abuse its discretion[1] when it determined that the forum non conveniens balance weighed clearly in favor of dismissal. We recognize the generally weighty nature of Argoquest's choice of forum. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177–78 (9th Cir.2006); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.2002); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir.1983). Here, however, the district court considered the relevant factors,[2] reasonably performed the necessary balancing, and ruled accordingly. We think it not amiss to particularly note that the negotiated contract, which lies at the center of the parties' relationship, provides that the sole forum would be the courts of Israel and that the law of Israel would apply. These provisions clearly outweigh Argoquest's choice of forum.

AFFIRMED.

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. That is the proper standard. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir.2001); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir.2000).

2. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. ——, —— – ——, 127 S.Ct. 1184, 1188–89, 167 L.Ed.2d 15 (2007); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–09, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947); *Tuazon*, 433 F.3d at 1180–82; *Dole Food*, 303 F.3d at 1119; *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 769–71 (9th Cir.1991).