# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2935

_____

Ronald Tim Bacon,                    *
*
        Appellant,          *
*   Appeal from the United States
   v.                        *   District Court for the
*   Southern District of Iowa.
*
Liberty Mutual Insurance Company,  *
*
        Appellee.         *

_____

Submitted: March 11, 2009
Filed: August 6, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Ronald Bacon appeals the dismissal of his breach-of-contract and fraudulent-misrepresentation claims against Liberty Mutual Insurance Company ("Liberty Mutual") on the ground of forum non conveniens. We reverse and remand.

I.

Bacon's suit against Liberty Mutual arises out of the settlement of a personal injury lawsuit against Ridgetop Holdings, Inc. ("Ridgetop"), the parent company of Bacon's employer, Davis Erection Company, Inc. ("Davis Erection"). In July 2003,

Bacon was severely injured in Omaha, Nebraska, while working on a construction project for which Davis Erection was a subcontractor. Bacon's injuries rendered him paraplegic. At the time of the accident, Bacon was a resident of Nebraska.

Liberty Mutual is a nationwide insurance company that does business both in Iowa and Nebraska. Liberty Mutual provided Davis Erection with commercial liability and workers' compensation insurance under an Owner Controlled Insurance Program for all participating contractors at the construction site. The insurance provided by Liberty Mutual to Davis Erection covered Bacon's workers' compensation benefits, which were administered under the laws of Nebraska. In 2006, Bacon filed a personal injury action against several entities, including Ridgetop and Kiewit Construction Company, the general contractor at the construction site. The complaint also named Davis Erection and Liberty Mutual as defendants for the sole purpose of the subrogation of Bacon's workers' compensation benefits.

In June 2006, Bacon moved to Iowa, where he purchased a home that could accommodate his physical impairment. Liberty Mutual contributed $100,000 to the purchase of Bacon's home. Liberty Mutual has also made weekly disability payments to Bacon since May 2006.

In January 2008, prior to the trial for Bacon's personal injury lawsuit in Nebraska, Ridgetop agreed to settle with Bacon. Before he received the settlement funds, Bacon requested that Liberty Mutual acknowledge that it did not have a right to subrogation of the settlement proceeds. When Liberty Mutual failed to do this, Bacon filed a declaratory judgment action in a Nebraska state court seeking to establish that Liberty Mutual had no subrogation claim on the proceeds from the settlement with Ridgetop.

In his declaratory judgment action, Bacon asserted that Liberty Mutual's claim to the settlement proceeds was precluded by the construction contract, which included

a provision waiving the subrogation rights of subcontractors such as Davis Erection. Bacon argued that, since Davis Erection was a subcontractor with no subrogation rights to settlement proceeds paid by its parent company Ridgetop, Davis Erection's insurer, Liberty Mutual, should also be denied rights to subrogation. Bacon also alleged that a claims representative from Liberty Mutual informed him that Liberty Mutual had no claim on the settlement proceeds from Ridgetop. Liberty Mutual denied these allegations in its answer to the complaint and asserted a lien on the settlement proceeds in the amount of the workers' compensation benefits it had paid to Bacon.

Shortly thereafter, Bacon filed an action against Liberty Mutual in the United States District Court for the Southern District of Iowa, asserting a claim of fraudulent misrepresentation, for which he sought punitive damages, and a claim of breach of contract. According to Bacon, Liberty Mutual's answer to his complaint in the Nebraska declaratory judgment action constituted a knowing misrepresentation made with the intent to deceive. His breach-of-contract claim rested on his allegation that Liberty Mutual's claim representative created a binding contract not to pursue any claim to the settlement proceeds when she made the alleged representation that Liberty Mutual waived any such claim.

Liberty Mutual filed a motion to dismiss on the grounds of forum non conveniens and that Nebraska law, which does not permit punitive damages for fraudulent misrepresentation, should apply under the applicable choice-of-law rules. Finding that Nebraska had a greater interest in deciding the suit than Iowa, the district court dismissed the suit on the ground of forum non conveniens. It did not decide the choice-of-law issue.

## II.

We begin by noting that a federal district court's power to dismiss a case properly within its jurisdiction under the common-law doctrine of forum non

conveniens has been substantially eliminated by the federal transfer of venue statute, 28 U.S.C. § 1404(a).[1]  See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in [section] 1404(a) for transfer.").  "The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007) (italics omitted) (quoting American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)).  The district court dismissed Bacon's suit believing either the state or federal courts in Nebraska to be a more appropriate forum for the case. See Bacon v. Liberty Mut. Ins. Co., No. 1-08-cv-12-CRW-TJS, slip op. at 2,  (S.D. Iowa Aug. 18, 2008) ("The State of Nebraska and its state and federal courts have a keen interest in deciding this dispute and plainly provide the forum where the issues here pleaded should be decided.").

To the extent that there is an alternative federal forum, the district court lacked the power of dismissal because "[w]ith its enactment in 1948, § 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible." Cowan v. Ford Motor Co., 713 F.2d 100, 103 (1983) (italics omitted).  "[W]ith respect to cases wholly within the system of U.S. federal courts, the doctrine [of forum non conveniens] has been largely replaced by the transfer of venue statute . . . ." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 717 (7th Cir. 2002); see also Yerostathis v. A. Luisi, Ltd., 380 F.2d 377, 379 (9th Cir. 1967) ("28 U.S.C. § 1404(a) has, in effect, codified and replaced [the forum non conveniens] doctrine whenever the more convenient tribunal is a United States district court where

---

[1]Transfers among the federal courts are governed by 28 U.S.C. § 1404(a), which, in its entirety, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

the action might have been brought." (quotation omitted)); Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305, 308 (10th Cir. 1950) ("It seems clear to us that the evident purpose of the statute is to do away with dismissal as an inherent right of the courts and to substitute therefor the right in proper cases to transfer to a more convenient forum when there is such a forum."). Except in cases where it cannot be used, "§ 1404(a) eliminated the necessity of dismissal by granting authority for district courts to transfer a case to another area." Yerostathis, 380 F.2d at 379. Given the apparent availability of an alternative federal forum in Nebraska, this is not a situation in which "[t]he common-law doctrine of forum non conveniens has continuing application [in federal court]." Sinochem, 549 U.S. at 429 (italics omitted).

Moreover, the district court was in error under traditional forum non conveniens principles, even if transfer under section 1404(a) were unavailable and Nebraska state court remained the only available alternative forum.[2] See Reid-Walen v. Hansen, 933 F.2d 1390, 1401 (8th Cir. 1991) (reversing dismissal on the ground that Jamaica was a more convenient forum); Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339, 347 (8th Cir. 1983) (reversing dismissal on the ground that the Cayman Islands, West Indies, were a more appropriate forum). "An abuse of discretion may occur when the district court fails to consider one or more of the important private or public interest factors, does not hold the defendants to their burden of persuasion on all elements of the forum non conveniens analysis, or has clearly erred in weighing the factors the court must consider." Reid-Walen, 933 F.2d at 1394.

---

[2]Neither the parties nor the district court have raised the issue of whether a transfer to federal court in Nebraska would have been appropriate under section 1404(a). Thus, although the district court apparently assumed that federal court in Nebraska could provide a possible forum for this case, there is not enough information in the record for us confidently to determine whether Nebraska federal court was indeed an available forum. Thus, we feel compelled to explain why dismissal because of forum non conveniens was in error even if Nebraska state court were the only available alternative forum.

First, the district court neglected the private-interest factors and discussed only a single public-interest factor—Nebraska's interest in deciding Bacon's claim. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (listing the private and public-interest factors relevant to forum non conveniens). Although the district court noted that Bacon formerly lived in Nebraska, was injured in Nebraska, and had filed workers'-compensation and personal-injury actions in Nebraska, none of these have any direct bearing on Bacon's fraudulent-misrepresentation and breach-of-contract claims. The declaratory judgment action pending in Nebraska is the only factor weighing in Liberty Mutual's favor, because Bacon's fraudulent-misrepresentation claim turns on the veracity of the answer Liberty Mutual filed in that suit. However, with no showing of how Liberty Mutual or the Iowa federal courts would be inconvenienced by this litigation, it was error to ignore Bacon's choice of his home forum.[3] See Lehman, 713 F.2d at 342 ("[I]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown." (quoting Koster v. (Am.) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947))).

Second, "[t]he defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens." Reid-Walen, 933 F.2d at 1393. However, the district court required Bacon to justify the choice of his home forum by showing that Nebraska courts would not be adequate, thereby absolving Liberty Mutual of its burden of persuasion. This is simply not one of those "rare instances" in which a state court is so much more suitable than a federal forum that the harsh measure of dismissal because of forum non conveniens is appropriate. See Sinochem, 549 U.S. at 430; Augustin v. Mughal, 521 F.2d 1215, 1217 (8th Cir. 1975) (per curiam) (noting that, notwithstanding a state court proceeding pending at the time of dismissal, forum non conveniens was inappropriate because state court was not a "substantially more convenient forum"); 14D Charles

_____

[3]Neither the parties nor the district court have raised any abstention arguments regarding the declaratory judgment action pending in Nebraska state court.

Alan Wright, Arthur R. Miller, & Edward H Cooper, Federal Practice and Procedure § 3828 (3d ed. 2007).

## III.

Bacon also asks us to decide whether Iowa or Nebraska law should govern his suit in Iowa. Only under Iowa law will he be able to recover punitive damages for his fraudulent misrepresentation claim. However, because the district court chose to dismiss Bacon's suit, it did not decide the choice-of-law question. Accordingly, we decline to decide which state's law applies to this suit. See Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 831 (8th Cir. 2000) ("Except for jurisdictional questions, we do not usually address issues that have not been considered by a district court regardless of the standard of review we use to decide the case."). Upon remand, the district court should use Iowa's choice-of-law rules to determine whether Iowa or Nebraska law will govern this suit. See Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007) ("A district court sitting in diversity applies the law, including the choice-of-law rules, of the state in which it sits.").

## IV.

Accordingly, we reverse the district court's order of dismissal and remand for proceedings in accordance with this opinion.