**Andreas LEKKAS, Nikolaos Hartofylax and Emmanuel Pelekis, Appellants,**

**v.**

**LIBERIAN M/V CALEDONIA, her boats, engines, tackle, apparel, etc., et al., Appellees.**

**No. 15170.**

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1971.

Decided May 5, 1971.

Burt M. Morewitz, Newport News, Va., for appellants.

R. Arthur Jett, Jr. (Jett, Sykes & Berkley, Norfolk, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Three Greek seamen appeal from an order declining jurisdiction of their claims for personal injuries, wages, maintenance, and repatriation under the Jones Act, 46 U.S.C. § 688, the General Maritime Law of the United States, and Liberian law. The seamen had shipped aboard the Liberian Flag M/V CALEDONIA, and the events they allege as the basis of their cause of action occurred when the vessel was in foreign waters. The CALEDONIA is owned by Nueva Valencia Compania Naviera S.A. (Valencia), a Panamanian corporation. It is operated by N. J. Goulandris, Ltd., an English corporation whose American agent is United Operators Shipping Agencies Corp., a New York corporation.

The seamen contend Goulandris is their Jones Act employer, that Goulandris and United are one enterprise, and that the CALEDONIA is owned, operated, and controlled by American interests. Neither Goulandris nor United answered interrogatories about the facts bearing on these issues, and Valencia answered that its ownership was evidenced by "bearer stock."

 In the exercise of sound discretion, a district court may decline jurisdiction of a suit in admiralty brought by foreign seamen against a foreign ship. But before acting, the district court should be fully informed about all factors that have a significant bearing on the question of retaining jurisdiction,

including the allegiance of the shipowner. Hellenic Lines Limited v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970); Lauritzen v. Larsen, 345 U.S. 571, 587, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). Valencia's explanation that the holders of its bearer stock are unknown is entitled to little credence. The corporation owns only the CALEDONIA, and surely its officers and directors know who voted the stock at its last annual meeting and the identity of the persons to whom they are responsible. When the owner asked the court to decline jurisdiction, it subjected itself, its agents and those to whom it entrusted the vessel to the obligation of furnishing on request all pertinent information for decision of its motion.[1]

The judgment of the district court is vacated and this action is remanded for completion of discovery on the shipowner's motion to decline jurisdiction. If the defendants do not promptly and forthrightly disclose the facts necessary for decision of this issue, the district court should apply sanctions under Fed. R.Civ.P. 37, and for the purposes of this case, take as established that the ship is owned by American interests; or, if justice requires, the court should enter a default judgment on the issue of liability. Cf. Southern Cross Steamship Co. v. Firipis, 285 F.2d 651 (4th Cir. 1960), cert. denied, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961); United States for Use of Weston & Brooker Co. v. Continental Casualty Co., 303 F.2d 91 (4th Cir. 1962). We express no opinion about the propriety of either declining or retaining jurisdiction after all pertinent facts are disclosed. Of course, the district judge may stay discovery on the merits of the case until the motion to decline jurisdiction is decided.

Vacated and remanded.

[1]. At the hearing on the motion to decline jurisdiction, counsel for the defendants exhibited a cable indicating that Valencia's principal stockholder is Mrs. Anna Horn of Athens, Greece. This scant information is no substitute for the answer to the interrogatories Valencia should have supplied. See Hellenic Lines Limited v. Rhoditis, 398 U.S. 306, 310, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).