**Abraham SULTANIK and Helen Sultanik, Plaintiffs,**

v.

**COBDEN CHADWICK, INC., Cobden Chadwick, Ltd. and Condes Corporation, Defendants.**

**No. 80 Civ. 3034.**

United States District Court, E. D. New York.

April 6, 1982.

Elsie H. Langsam, New York City, Lipsig, Sullivan, Mollen & Liapakis, New York City, for plaintiffs.

Vito Cannavo, New York City, Morgan, Lewis & Bockius, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action to recover for personal injuries sustained by plaintiff, Abraham Sultanik, while operating a flexographic printing press owned by his employer American Subliflex, Inc. The defendant Cobden Chadwick, Ltd. ("Cobden Ltd."), which designed and manufactured the printing press, has moved pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of personal jurisdiction. Plaintiffs have cross-moved pursuant to Rule 12(d) for a preliminary hearing or discovery and inspection as to the facts constituting the basis of jurisdiction. For the reasons set forth below Cobden Ltd.'s motion is denied; and plaintiffs' cross-motion for discovery and inspection is granted.

Cobden Ltd. is an English corporation with its principal offices in Manchester, England. Counsel's affidavit also indicates that Cobden Ltd. is not authorized to do business in New York, does not own real property in New York, and does not maintain an office, postal address, telephone listing or an agent within the State.

Cobden designs and manufactures printing presses. It sold the one involved in this case in 1973 to an English company, which in turn, sold the press to a Mexican printing and textile company. In 1975, the press, according to the affidavit, was sold once again, this time to American Subliflex, Inc., a New York corporation, for which the plaintiff works.

The affidavit states that Cobden Ltd. did not participate in the resale of the press by the Mexican company to American Subliflex or in its installation on American's premises. When American Subliflex encountered operating difficulties with the machine, it contacted Cobden Ltd. in England for assistance. Cobden Ltd. then sent two employees, a sales manager, and a machinist, to American's office in New York on two separate occasions to offer guidance. The combined visits lasted approximately five days. Cobden Ltd. characterizes its visits as a "gesture of good will ... for the limited purpose of 'troubleshooting' the press." The plaintiff, however, asserts that the visits were "apparently initiated by Cobden Ltd., itself, for the express purpose of rectifying operating difficulties with the machine." Plaintiff argues that the inspection, testing and guidance provided during these visits form a basis, along with other factors, for personal jurisdiction.

In a federal action based on diversity of citizenship, the jurisdictional issue is determined by the law of the state of the forum court. *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963). The bases for exercising personal jurisdiction over a foreign corporation are enumerated in sections 301 and 302 of the New York Civil Practice Law and Rules ("CPLR"). Although it is clear that the plaintiff has the burden of proving that the Court has personal jurisdiction over a foreign corporation, (*Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 92 (2d Cir. 1975)), the burden at this early stage of the proceedings is light. *Loria and Weinhaus v. Kaminsky and Sons*, 80 F.R.D. 494, 497 (S.D.N.Y.1978); *Peterson v. Spartan Indus., Inc.*, 33 N.Y.2d 463, 466, 354 N.Y.S.2d 905, 907, 310 N.E.2d 513, 514 (C.A.N.Y.1974); 4 Wright and Miller, Federal Practice and Procedure, § 1068 at 250. It is satisfied by stating facts in the complaint and other papers sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state. *Id.*

Plaintiff opposes defendant Cobden Ltd.'s motion to dismiss and, alternatively, requests a preliminary hearing or discovery as to the facts supporting a jurisdictional basis over the defendant. Many facts necessary to resolve this issue are presently unclear. They include: whether Cobden, Ltd. was contractually bound to inspect, test and provide guidance with respect to its press, whether Cobden Ltd. was the only defendant that provided such services to American Subliflex, whether other presses have made their way to the United States

and specifically to New York, and how much revenue Cobden Ltd. derives from interstate or international commerce or from goods used or services rendered within New York.

Because these issues must be resolved before the Court can determine whether there is jurisdiction over Cobden Ltd. and because these facts lie exclusively within Cobden Ltd.'s knowledge, further discovery will be permitted pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.4 (2d Cir. 1977) (footnotes omitted); *Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 323 (2d Cir. 1964); *Alosio v. Iranian Shipping Lines, S.A.*, 307 F.Supp. 1117, 1120 (S.D.N.Y.1970); 4A Moore, Federal Practice § 30.52[5] at 30–52.

Accordingly, Cobden Ltd.'s motion to dismiss plaintiffs' action for lack of jurisdiction is denied and plaintiffs' cross-motion for discovery and inspection is granted.

SO ORDERED.