Barbara SMITH et al.

v.

JOHNS–MANVILLE CORPORATION et al.

No. 82–197–Appeal.

Supreme Court of Rhode Island.
March 21, 1985.

Stephen R. Famiglietti, Mandell, Goodman & Schwartz, Providence, for plaintiff.

Stephen G. Linder/Robert Fine, Letts, Quinn & Licht, P.C., Providence, for defendant.

## OPINION

MURRAY, Justice.

The plaintiff in this wrongful-death action, Barbara Smith, appeals from a Superior Court order dismissing her action against the defendant Turner and Newall PLC for lack of personal jurisdiction.

The facts, such as they exist in this abbreviated action, are not in dispute. On July 20, 1981 Barbara Smith filed an action pursuant to G.L. 1956 (1969 Reenactment) chapter 7 of title 10 against some thirty-five named defendants, including Turner and Newall PLC (hereinafter T & N). The complaint charged that each of the named defendants mined, processed, manufactured, designed, tested, fashioned, packaged, distributed, and sold asbestos products directly or indirectly in the State of Rhode Island; that plaintiff's decedent, Francis H. Smith, Jr., was exposed to and did inhale asbestos dust and fibers during his nine years of attendance at the Assumption School in Providence, Rhode Island; that as a result of his inhalation of asbestos dust and fibers, plaintiff's decedent suffered severe and permanent injuries that caused him to incur substantial medical bills and eventually led to his death; and that as a result of the death of plaintiff's decedent, plaintiff and her daughter were deprived of support, care, maintenance, guidance, and protection. The liability of each of defendants was premised upon breach of warranty, strict liability, res ipsa loquitor, and simple negligence theories. Judgment was demanded in the amount of $2 million compensatory and $5 million punitive damages.

By order of the Superior Court, service of process was made on T & N by mailing the complaint and summons to T & N at its principal place of business in Manchester, England. Discussions between counsels for plaintiff and defendant led to extensions of time for T & N to file an answer, during which time plaintiff propounded interrogatories seeking to determine whether a jurisdictional base existed over T & N. On November 25, 1981 defendant responded to the complaint by filing a motion to dismiss for lack of personal jurisdiction. The motion was accompanied by an affidavit of John Atkinson, group solicitor to T & N. The affidavit stated that

1. Turner and Newall is a company organized under the laws of England.

2. It owns stock in a variety of subsidiary companies operating in the United Kingdom and throughout the world. The affidavit went on to describe eight companies that compose T & N. It is clear that at least one of them, but perhaps more, is engaged in the sale of asbestos.

3. All books and records of T & N are maintained in England (and none in Rhode Island).

4. T & N is not qualified to do business in Rhode Island. It does not own real estate, maintain an office, a telephone, or a bank account in Rhode Island.

5. Finally, the sales personnel for each of T & N's subsidiaries were requested to undertake a search of their records to determine whether any sales had been

made in Rhode Island. All reported back in the negative.

On December 18, 1981, plaintiff filed an objection to defendant's motion to dismiss. In an accompanying memorandum plaintiff requested that the court either deny defendant's motion or order a continuance to permit jurisdictional fact discovery. After a hearing, plaintiff's request for jurisdictional fact discovery was denied and defendant's motion to dismiss was granted. A judgment incorporating this decision was entered on March 1, 1982. It is from this judgment that plaintiff now appeals.

During oral argument before this court, counsel for plaintiff alleged certain contacts by defendant with the State of Rhode Island that were not part of the record, those alleged contacts having been discovered subsequent to the Superior Court order appealed from. By order of February 8, 1985, we permitted plaintiff to substantiate those allegations by filing verified affidavits with this court concerning counsel's knowledge of defendant's contacts with this state. Those affidavits, together with rebuttal affidavits filed by defendant, are summarized in footnote 2 of this opinion and are part of the record from which we decide this case.

The sole issue for review is whether the hearing justice erred in granting defendant's motion to dismiss without first permitting plaintiff to proceed with some minimal form of jurisdictional fact discovery. The defendant has argued that the hearing justice properly granted the motion to dismiss for lack of jurisdiction as no minimum contacts exist between T & N and Rhode Island. This argument misses the mark. The issue properly couched is not whether plaintiff has proven that minimum contacts exist, but rather whether plaintiff should have been afforded an opportunity to engage in discovery to establish if those contacts exist. We hold that plaintiff should have had such an opportunity in this instance and accordingly vacate the hearing justice's refusal to grant jurisdictional fact discovery.

It is clearly established that a trial court has jurisdiction to determine its own jurisdiction. *United States v. United Mine Workers of America*, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 739 n. 57, 91 L.Ed. 884, 912 n. 57 (1947). Moreover, a court may properly allow discovery to aid in determining whether it has in personam or subject-matter jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430–31 n. 24 (9th Cir.1977); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir.1966). The defendant's minimum contacts argument is thus premature at this stage of the proceedings. The requirement that plaintiff show that defendant has sufficient contacts with the forum state is aimed at preventing a party from being forced to defend lawsuits in distant and unfamiliar forums. The concept is one of "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). We cannot see how such notions would be offended by allowing plaintiff an opportunity to engage in limited discovery directed solely at defendant's contacts with the forum state. Although somewhat inconvenient, and perhaps annoying, to defendant, we believe that given the present circumstances the balance of equities falls in favor of plaintiff.

Jurisdictional fact discovery is a practice well established under the Federal Rules of Civil Procedure and the case law interpreting those rules. *See* 8 Wright and Miller, *Federal Practice and procedure: Civil* § 2009 at 52 (1970) ("Although there was once doubt on the point, it is now clear that discovery on jurisdictional issues is proper"). Rule 33(b) of the Superior Court Rules of Civil Procedure provides that written interrogatories may be filed, without leave of court, twenty days or more after the defendant has been served with process. Such interrogatories may relate to any matter that can be inquired into under

Rule 26(b).[1] Thus, interrogatories may be used to discover facts upon which jurisdiction can be based. *See Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d at 430–31 n. 24; *Lekkas v. Liberian M/V Caledonia,* 443 F.2d 10, 11 (4th Cir.1971); *Surpitski v. Hughes-Keenan Corp.,* 362 F.2d at 255; *see also Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir.1975); *H.L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories,* 384 F.2d 97 (2nd Cir.1967).

■ Although this court has not yet spoken to this precise issue, we find the federal case law persuasive. Rules 26(b) and 33(b) are identical to their federal counterparts. This court has stated previously that where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance or interpretation of our own rule. *See Nocera v. Lembo,* 111 R.I. 17, 20, 298 A.2d 800, 803 (1973); *Giarrusso v. Corrigan,* 108 R.I. 471, 472, 276 A.2d 750, 750 (1971).

Such guidance from the federal courts indicates that jurisdictional fact discovery is acceptable in certain limited circumstances. "An appellate court will not interfere with the trial court's refusal to grant discovery except on the clearest showing ... [of] actual and substantial prejudice to the litigant ... Discovery, however, 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.' " *Cheng v. Boeing Co.,* 708 F.2d 1406, 1412

(9th Cir.1983) (quoting *Kilpatrick v. Texas and P. Ry.,* 72 F.Supp. 635, 638 (S.D.N.Y. 1947)).

■ Jurisdictional fact discovery is appropriate here for several reasons. First, its denial clearly resulted in substantial prejudice to plaintiff. Moreover, there is significant controversy surrounding the pertinent facts bearing on the question of minimum contacts. In her complaint, plaintiff has alleged that defendant is directly or *indirectly* responsible for the presence of asbestos at the Assumption School. Mr. Atkinson's affidavit does nothing to rebut the allegation of indirect responsibility. In fact, the affidavit completely failed to address the issue of whether T & N provided asbestos to a third party who in turn may have provided it to the Assumption School. At the very least, "a more satisfactory showing of the facts is necessary." *Cheng v. Boeing Co.,* 708 F.2d at 1412. Without the benefit of limited discovery, both plaintiff and the court were left with only the information T & N voluntarily provided. That information fails to answer the question of how much T & N asbestos found its way into Rhode Island and how much revenue, if any, T & N derives from asbestos ultimately sold in Rhode Island. *See Sultanik v. Cobden Chadwick, Inc.,* 94 F.R.D. 123, 125 (E.D.N.Y.1982). As any records containing information that might provide an answer remain in the exclusive control of defendant, it seems particularly important that jurisdictional fact discovery be allowed.[2]

1. Rule 26(b) of the Superior Court Rules of Civil Procedure provides in pertinent part, as follows: "[T]he deponent may be examined regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *."

2. The controversy as to whether minimum contacts exist has been highlighted by the affidavits that were submitted pursuant to this court's February 8 order. In his affidavit, counsel for plaintiff has stated that T & N shipped raw asbestos to Raybestos Manhattan, a company with plants in South Carolina, Pennsylvania,

and Connecticut, and that in turn Raybestos Manhattan used that raw asbestos to produce asbestos textile. Moreover, Raybestos Manhattan products have been identified in Rhode Island in other asbestos cases. The plaintiff also states that T & N manufactures an asbestos spray called "limpet", which was distributed in Rhode Island through Keasbey and Mattison and AC & S, Co. The defendant counters, stating that T & N has not sold asbestos fiber to Raybestos Manhattan since 1958 and that it stopped making sales of limpet in the United States in 1967.

The defendant's affidavit leaves several questions unanswered. It is not clear whether T &

■ Clearly, these questions concerning minimum contacts need to be answered before a motion dismissing for lack of jurisdiction may be granted. Several courts have held it to be an error to grant such a motion without affording the plaintiff an opportunity for discovery. *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir.1966); *Sultanik v. Cobden Chadwick, Inc.*, 94 F.R.D. 123 (E.D.N.Y.1982); *General Industries Co. v. Birmingham Sound Reproducers, Ltd.*, 26 F.R.D. 559 (E.D.N.Y.1961). We concur with these courts and announce a rule permitting limited jurisdictional fact discovery when pertinent facts bearing on the issue of jurisdiction are in question and the relevant information remains in the exclusive control of the defendant. Nothing we say today should be construed as shifting the burden to prove jurisdiction away from the plaintiff. Moreover, we are not granting the plaintiff a license to engage in a "fishing expedition." We merely hold that where a controversy exists as to the defendant's contacts with Rhode Island, and where the facts that would clear up the controversy are in the exclusive control of the defendant, the plaintiff should be permitted a limited right to engage in jurisdictional fact discovery.

For the reasons stated above, we vacate the grant of the defendant's motion to dismiss and remand the case to the Superior Court with instructions to permit the plaintiff to engage in jurisdictional fact discovery.

N sold limpet to Keasbey and Mattison and/or AC & S Co. prior to 1967 or whether it shipped raw asbestos to Raybestos prior to 1958. The conduct of T & N prior to these dates is relevant because the asbestos to which plaintiff's decedent was exposed from 1951 to 1960 while attending the Assumption School could have been installed long before 1958. Clearly, a great deal of controversy surrounding the question of minimum contacts still exists.