[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the defendants' motion to dismiss for lack of personal jurisdiction pursuant to Super. Ct. R. 12(B)(2). Plaintiff's avocation is the restoration and exhibition of custom automobiles. The plaintiff is a citizen and resident of the town of North Providence. He alleges that in 1989 and 1990, he performed extensive restoration and customization on his 1934 Ford automobile. The automobile was purchased for the purpose of exhibition. The plaintiff alleges that in December, 1990, he contacted Mr. Richard Rayo, chairman of the Boston World of Wheels Show. Mr. Rayo suggested that the plaintiff consider entering the Autorama Show to compete for the Ridler Award held in Detroit, Michigan.
Michigan Hot Rod Association was the sponsor of the Autorama, an annual custom car show. The defendant is a corporation existing under the laws of the State of Michigan. At the Autorama, the Ridler Award is presented to the best show car exhibiting for the first time at local, state, or national competition.
The plaintiff alleges that there were several telephone conversations between the defendant and himself. The plaintiff alleges the discussions pertained to work being done on the car and whether the vehicle in question would qualify for the competition. The plaintiff then sent the defendant about twelve photographs of the automobile in various stages of restoration. The plaintiff further alleges that after reviewing the photographs, the defendant informed the plaintiff that the car was eligible for the Ridler competition.
The defendant alleges that, at the plaintiff's request, it mailed the Autorama entry form to the plaintiff. The defendant then sent the plaintiff a letter indicating that the application for entry was accepted. Subsequently, the plaintiff brought his car to Michigan and exhibited at the Autorama in February 1991. The plaintiff's automobile was awarded first prize and the Ridler award in the competition. Subsequently, on February 26, 1991, the defendant sent the plaintiff a letter informing the plaintiff that the automobile in question was no longer eligible for the Ridler award.
On April 8, 1991, the plaintiff filed a complaint against the defendant based upon the auto's disqualification. The defendant's motion to dismiss for lack of personal jurisdiction is presently before the court.
ANALYSIS
The issue before this court is whether the defendant has sufficient minimum contacts with the State of Rhode Island to be subject to the Rhode Island court's jurisdiction. R.I.G.L. 1956 (1985 Reenactment). The prevailing rule is that Rhode Island courts may exercise jurisdiction over non-resident defendants up to the constitutional limits. Conn v. ITT Aetna Finance Co.,105 R.I. 397, 252 A.2d 184, 186 (1969).
It is well-established that this court may exercise personal jurisdiction over a non-resident defendant as long as there is sufficient minimum contact with the forum state. COIA v.Stephano, 511 A.2d 981, 982 (R.I. 1986); Roger WilliamsHospital v. Fall River Trust Co., 423 A.2d 1384 (R.I. 1981);International Shoe Co. v. Washington, 326 U.S. 310 (1995). Due process requires that the non-resident defendant have certain minimum contacts so that the exercise of in personam jurisdiction will not violate "traditional notions of fair play and substantial justice". COIA, at 982; International Shoe at 316. The requirements of minimum contacts protects defendants from litigating in distant forums and also prevents states from reaching past there limits mandated by the federal systems.COIA at 982, Roger Williams General Hospital at 1386. The determinations of whether sufficient contacts will satisfy due process must be decided on a case by case basis. COIA at 982.
Essentially, this court must determine whether the defendants "purposefully availed themselves of the privilege of conducting activity within the State of Rhode Island thereby invoking the benefit and protections of this state's laws". Almeida v.Radovsky, 506 A.2d 1373, 1375 (R.I. 1986); Hansen v. Denkla,357 U.S. 235 (1958). This court in deciding whether there are sufficient minimum contacts must take all the plaintiff's allegations as being true. COIA at 982.
In the case at bar, the defendant's alleged contact included telephone conversations with the plaintiff. The telephone conversations were initiated by the plaintiff and Mr. Rayo. The defendant also viewed twelve pictures of the plaintiff's automobile and sent an application to the plaintiff. The pictures were sent by the plaintiff and the applications were forwarded at the plaintiff's request. It is well-settled that "the unilateral activity of those who claim some relationship with a non-resident cannot satisfy the requirement of contact with the forum State".COIA at 982.
The plaintiff asserts that the defendant's advertisement in the Show Stopper, an automobile publication, was calculated to reach potential exhibitors in Rhode Island. The Rhode Island Supreme Court has ruled that certain types of advertising may be sufficient contact depending on the extent and nature of the other contacts. Roger Williams General Hospital at 1384. InRoger Williams General Hospital, the court ruled the defendant's advertising must be intended and calculated for the soliciting of Rhode Island business. Id. In COIA, which is factually similar to the case at bar, the court ruled that the defendant did not have the requisite minimum contacts needed to establish jurisdiction. COIA at 983. In COIA, the defendant advertised in a breeders' directory. The court stated "the breeders' directory may be more properly characterized as an informational resource rather than a solicitation". Id.
In the case at bar, the defendants state in their affidavit that to the best of their knowledge only twelve copies of theShow Stopper were mailed to the State of Rhode Island. After reviewing the advertisement in the Show Stopper (Exhibit D), it cannot be said the defendant advertised for the intended purpose of soliciting in Rhode Island. Further, this court finds theShow Stopper to be more of an "informational resource rather than a solicitation". Finally the plaintiff admits in his affidavit that he learned of the Autorama not from the ShowStopper but from Mr. Rayo. Therefore, the advertisement that appeared in the Show Stopper is not sufficient to establish the requisite minimum contacts.
Further, after review of the record, this court finds that the defendants have not conducted business within the State of Rhode Island nor have they formally advertised in this state. The defendants have no agents or representatives who are employed in this state. Id. Finally, the Autorama competition in which this cause of action arose took place in the jurisdiction of Michigan. This court finds that the actions of defendant are not sufficient to establish the necessary minimum contacts under the facts in the case at bar.
For the aforementioned reasons the defendants' motion to dismiss for lack of personal jurisdiction pursuant to Super. Ct. R. 12(B)(2) is granted. Counsel shall prepare an order.