**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AYCO FARMS, INC., a Florida corporation,

*Plaintiff-Appellant*,

v.

GUILLERMO RODRIGUEZ OCHOA, an individual,

*Defendant-Appellee.*

No. 15-55611

D.C. No. 8:14-cv-01675-JLS-AN

OPINION

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted January 9, 2017
Pasadena, California

Filed July 10, 2017

Before: Richard C. Tallman and Michelle T. Friedland,
Circuit Judges, and David A. Faber,[*] District Judge.

Per Curiam Opinion

---

[*] The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

**SUMMARY**[**]

*Forum Non Conveniens*

The panel affirmed the district court's order dismissing Ayco Farms, Inc.'s complaint under the doctrine of *forum non conveniens*.

The panel held that in performing a *forum non conveniens* analysis, the district court did not abuse its discretion by comparing the proposed foreign forum (Mexico) with the forum that the plaintiff actually chose (California), rather than with the United States as a whole.

The panel held that the district court did not err in affording less deference to Ayco's choice to file a lawsuit in California where Ayco had limited contacts with California.

The panel held that the district court properly found that the private interest factors strongly favored trial in Mexico, and the public interest factors supported the foreign forum. The panel concluded that the district court did not err in balancing the private and public interest factors, and in concluding that they strongly favored dismissal.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Paul S. Marks (argued) and Yuriko M. Shikai, Neufeld Marks, Los Angeles, California, for Plaintiff-Appellant.

Timothy D. Biche (argued), Diyari Vázquez, and Gerald E. Hawxhurst, Crone Hawxhurst LLP, Los Angeles, California, for Defendant-Appellee.

## OPINION

PER CURIAM:

Ayco Farms, Inc. appeals the district court's order dismissing its complaint under the doctrine of *forum non conveniens*. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court applied the correct legal rule and that dismissal was appropriate, we affirm.

### I

Ayco markets and sells produce throughout the United States. It is incorporated in Florida and maintains its headquarters there. In 2012, Ayco partnered with two individuals—Guillermo Rodriguez Ochoa, who is a citizen of Mexico and the United States, and Jorge Manuel Del Toro Chavez, who is a citizen of Mexico—to create a new business: Ayco Farms Mexico ("AFM"). AFM would buy or grow produce, which Ayco would then market and sell worldwide on an exclusive basis.

Rodriguez and Del Toro are also officers of another business, Operadora de Productos Frescos, SA de CV ("OPF"), a Mexican company with its headquarters in

Mexico.  OPF helps Mexican farmers import their produce into the United States.  OPF agreed to be AFM's agent until AFM was more established.

For nearly two years, Ayco marketed the partnership's celery, cauliflower, peppers, and broccoli to buyers in the United States.  In early 2014, however, the partners started having disputes.  OPF first sued Ayco in Mexico.  It alleged that AFM was never properly formed or established and that Ayco never paid for certain expenses as it had promised. Ayco then filed this case in U.S. District Court in the Central District of California several months later.  It alleged, among other things, that it had a valid exclusivity agreement with OPF and that Rodriguez and Del Toro breached this agreement by diverting produce to distributors in the United States and Canada.

Rodriguez and Del Toro moved to dismiss Ayco's California lawsuit under the doctrine of *forum non conveniens*, arguing that the dispute should be litigated in Mexico.  After hearing oral arguments, the district court granted the motion in a detailed written order.  It concluded that Ayco's choice of forum was entitled to less deference because Ayco had essentially no contacts with California; that Mexico offered the litigants an adequate alternative forum; and that dismissal was appropriate in light of the private and public interest factors identified by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  The district court imposed several conditions on the dismissal, including that Rodriguez and Del Toro submit to service of process in Mexico, waive statute-of-limitations defenses, give Ayco access to evidence, and consent to satisfy any judgment rendered against them.  Ayco appealed the district court's order.

**II**

Federal district courts have discretion to dismiss an action under the doctrine of *forum non conveniens*. *See, e.g.*, *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48, 455 (1994) (first citing *Gulf Oil*, 330 U.S. at 504; then citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Dismissal is appropriate only if the defendant establishes "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (quoting *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009)). The district court's decision "may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft*, 454 U.S. at 257.

Ayco does not contest the district court's holding that Mexico is an adequate alternative forum. Ayco argues instead (1) that the district court erred in its overall approach when it compared Mexico and California because it should have compared Mexico and the United States as a whole; (2) that the district court afforded inadequate deference to Ayco's choice to litigate in California; and (3) that the district court did not correctly balance the relevant private and public interest factors. We disagree with Ayco on all three points.

**A**

First, the district court did not err when it compared the burdens and benefits of litigation in Mexico and California and not the burdens and benefits of litigation in Mexico and

the United States as a whole. Although we have not previously addressed the question squarely, we have typically applied the doctrine of *forum non conveniens* by comparing the burdens and benefits of litigation in a foreign country against the burdens and benefits of litigation in a particular state. For example, in *Boston Telecommunications*, we reversed a *forum non conveniens* dismissal after extensively weighing the relative convenience of litigation in Slovakia and California. 588 F.3d at 1206–12. Among many other considerations, we noted that one witness refused to testify in Slovakia but agreed to travel to California, *id.* at 1208–09, that the defendant allegedly made misrepresentations during a meeting in California, *id.* at 1212, and that "California ha[d] an 'interest in preventing fraud from taking place within its borders' that [was] at least as strong as Slovakia's interest," *id*. Similarly, in *Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016), we affirmed dismissal notwithstanding the defendant's Oregon headquarters because "the relevant documents and witnesses [were] mostly located abroad." *Id.* at 1078. Thus, "relative to the Netherlands, Oregon [was] an inconvenient forum." *Id.*; *see also, e.g.*, *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225–34 (9th Cir. 2011) (comparing California and Peru); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178–82 (9th Cir. 2006) (comparing Washington and the Philippines).

It would indeed be difficult for a district court to consider all of the "practical problems that make trial of a case easy, expeditious and inexpensive," *Gulf Oil*, 330 U.S. at 508, if it were required to consider the United States as a whole. The relative conveniences of litigating in Florida versus Alaska, for example, are unlikely to be the same, so it is not clear how a convenience comparison between a foreign forum and

the United States as a whole could be carried out in most cases.

Perhaps there could be a case in which the decisive factors would weigh in favor of litigation in a foreign forum regardless of what state the plaintiff chooses, or vice versa. *Cf., e.g.*, *Villar v. Crowly Mar. Corp.*, 782 F.2d 1478, 1482–83 (9th Cir. 1986) (affirming *forum non conveniens* dismissal after the district court concluded that a forum in the Philippines would be more convenient than one in the United States because the plaintiffs were not U.S. citizens, the law applied would be foreign, and the events at issue occurred abroad).[1]  But that question can be addressed if and when a case presents it.  Here, we hold that in performing a *forum non conveniens* analysis, a district court does not abuse its discretion by comparing the proposed foreign forum with the forum that the plaintiff actually chose, rather than with the United States as a whole.

## B

Second, the district court did not err in affording less deference to Ayco's choice to file a lawsuit in California. Although a plaintiff is generally entitled to deference in its choice of forum, especially if the plaintiff is a U.S. citizen or resident, that deference is "far from absolute."  *Ranza*, 793 F.3d at 1076 (quoting *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991)).  "We have held that the mere 'presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*.'"

---

[1] *See also Villar v. Crowley Mar. Corp.*, 990 F.2d 1489, 1498 (5th Cir. 1993) (rejecting attempt to bring suit in Texas based on same events and agreeing that "no forum in the United States [is] convenient").

*Bos. Telecomms.*, 588 F.3d at 1207 (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983)).  A U.S. citizen plaintiff is entitled to less deference in his choice of forum if he does not reside in that forum.  *See, e.g.*, *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091–92 (9th Cir. 1998) (giving less deference to U.S. citizens' choice of Hawaii forum because they were not Hawaii residents).

Far from maintaining a residence in California, Ayco has made what appears to be a late-stage attempt to establish connections to California.  Other than filing this lawsuit and selling to customers in California, its only contact with California is the California office it allegedly opened during the same month as oral argument on Defendants' motion to dismiss.  When faced with such "eleventh-hour efforts to strengthen connections" with the chosen forum, we have followed the reasoning of the en banc Second Circuit:  "the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice of forum commands." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009) (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc)).  The district court was within its discretion to view Ayco's choice of forum with skepticism.

## C

Of course, "less deference is not the same thing as no deference."  *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).  For a U.S. citizen's choice of forum to be rejected, the private and public interest factors must "strongly favor trial in a foreign country."  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). However, we reject Ayco's third argument that the district

court erred when it concluded that the private and public factors strongly favor trial in Mexico.

The private interest factors are:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Id.* (quoting *Gulf Oil*, 330 U.S. at 508). The public interest factors are "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) [the] burden on local courts and juries; (4) [the amount of] congestion in the court; and (5) the costs of resolving a dispute unrelated to [the] forum." *Id.* at 1147.

The district court here properly held that the private interest factors strongly favor trial in Mexico. It correctly noted that Rodriguez and Del Toro are citizens and residents of Mexico; that the crux of the parties' dispute concerns a contract that was negotiated, signed, and allegedly violated in Mexico; and that Ayco failed to identify any witnesses, documents, or evidence located in California. The district court also reasonably predicted that many witnesses—produce growers, distributors, and Del Toro, for example—could probably not be compelled to appear in California court. Finally, the district court observed that related litigation was already pending in Mexico when Ayco filed its complaint in California. *See id.* at 1147 (relying on "the existence of . . . related proceedings" in a foreign forum as a

factor favoring dismissal). Ayco has offered no plausible challenge to any of these findings of fact.

The district court likewise properly held that the public interest factors support the foreign forum. Again, the district court correctly noted that the dispute overwhelmingly concerns events in other states and countries, that Mexican law will likely apply because the disputed agreement was signed in Mexico and performance was expected in Mexico, that California has an insufficient interest in the case to justify the significant burden on a California jury, that the court congestion factor is neutral, and that California's overall interest in the dispute is slight when compared to the cost of resolving the dispute. Again, Ayco fails to identify any error in these findings of fact.

The district court did not err when it balanced the private and public interest factors or when it concluded that they strongly favor dismissal.

### III

For the reasons above, we **AFFIRM**.

Costs shall be taxed against Defendant-Appellee. *See* Fed. R. App. P. 39(a)(2).