**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FINSA PORTAFOLIOS, S.A. DE C.V., a Mexican corporation; FINSA CKD M FIDEICOMISO CIB 2017, a Mexican trust, | No. 17-56776 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-04360-RGK-E |
| v. | |
| OPENGATE CAPITAL, LLC, a California limited liability company; OPEN PUBLISHING, LLC, a Delaware limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| ROUNDROCK 092012, LLC, a Delaware limited liability company; ROUNDROCK SCIENTIFIC INTERNATIONAL, LLC, a Delaware limited liability company; ROUNDROCK MEXICO, LLC, a Delaware limited liability company; HAMILTON SCIENTIFIC, LLC, a Delaware limited liability company; HAMILTON LABORATORY SOLUTIONS, LLC, a Delaware limited | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

liability company,

Defendants.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,[**] District Judge.

Plaintiffs Finsa Portfolios and FINSA CKD M Fideicomiso (collectively, "Finsa") have sued defendant OpenGate Capital and six of its subsidiaries for fraud and breach of contract arising from a real estate transaction in Mexico. We review the district court's order dismissing Finsa's suit for *forum non conveniens* and its denial of Finsa's motion for reconsideration and motion for leave to amend its complaint. We affirm.

1.    *Forum Non Conveniens*

The doctrine of *forum non conveniens* applies where a party argues that a suit filed in federal court would be more properly heard in a state or foreign forum. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 60 (2013). We

---

[**]    The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

review the district court's decision to dismiss for *forum non conveniens* for abuse of discretion. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017) (per curiam).

Here, the district court dismissed for *forum non conveniens* because it found that the parties had agreed to valid forum-selection clauses identifying the courts of Reynosa, Tamaulipas, Mexico, as the proper forum for claims arising from the purchase and lease agreements and to arbitration in Mexico City as the proper forum for claims arising from the guaranty agreement. Where the parties have agreed to a "valid forum-selection clause," the clause is "given controlling weight" in a *forum non conveniens* analysis "in all but the most exceptional cases" and the plaintiff's choice of forum is given "no weight." *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Further, the forum-selection clause eliminates the need for the court to examine the parties' private interests: The court is to conclude that the private interests favor only the preselected forum and may consider only public-interest factors. *Id.* at 64.

We review the district court's decision to enforce the forum-selection clauses for abuse of discretion. *Kuke Hwaje Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). A forum-selection clause is invalid if (1) "its

incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power"; (2) "the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'"; or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). Forum-selection clauses are prima facie valid, and Finsa bore a "heavy burden" to prove these clauses were invalid. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589, 592 (1991) (citation omitted).

The district court did not abuse its discretion in enforcing the forum-selection clauses or dismissing the complaint. Finsa has not attempted to subject OpenGate or its subsidiaries to service of process in Mexico and thus cannot claim, at this time, that enforcement of the clauses will deprive it "of its day in court." *Argueta*, 87 F.3d at 325 (citation omitted). We decline to construe OpenGate's refusal to stipulate to jurisdiction before a Mexican arbitrator over all fraud claims as a refusal to comply with the terms of the forum-selection clauses. OpenGate, through its subsidiaries, agreed to litigate claims arising from the purchase and lease agreements in Mexican courts and to arbitrate only claims arising from the

4

guaranty agreement. Finsa's request was thus not congruent with OpenGate's contractual obligations.

If Finsa had filed claims arising out of the purchase or lease agreement in the Reynosa courts but failed to serve OpenGate with process, or had requested that OpenGate stipulate to jurisdiction before a Mexican arbitrator over only the claims arising from the guaranty agreement, our analysis may have been different. But at this stage, we affirm the district court.

The charges in this complaint, if true, are serious and go well beyond an ordinary claim of breach of contract. If circumstances change, Finsa may file a motion to reopen the judgment under Federal Rule of Civil Procedure 60. We instruct the district court to fully consider such a motion should Finsa fail to obtain an appropriate forum over OpenGate and its subsidiaries in Mexico.

2. *Motion for Reconsideration*

We review the district court's denial of Finsa's motion for reconsideration for abuse of discretion. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). Finsa premised this motion on evidence that, after the district court entered judgment, OpenGate refused to stipulate to arbitration of all fraud claims before a Mexican arbitrator. For the reasons discussed above, this evidence does not change the *forum non conveniens* analysis, as OpenGate did not breach its

5

contractual obligation in refusing Finsa's request. We thus affirm the district court's denial of this motion.

3.      *Motion for Leave to Amend the Complaint*

We review the district court's denial of Finsa's motion for leave to amend its complaint for abuse of discretion. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019). The district court has discretion to deny leave to amend if the amended complaint would be "subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Finsa has presented no compelling argument that its amended complaint would not have been subject to the forum-selection clauses. Thus, the amended complaint would have been subject to dismissal under the same *forum non conveniens* analysis as the initial complaint.

**AFFIRMED WITH INSTRUCTIONS**.