**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK R. DE BORJA, individually;
MAKILING FARMS, INC., a Philippine
corporation,

                 Plaintiffs-Appellants,

  v.

ENRIQUE R. RAZON, Jr., individually;
INTERNATIONAL CONTAINER
TERMINAL SERVICES, INC., a
Philippine corporation; ICTSI OREGON,
INC., an Oregon corporation; DOES, John
and/or Jane Does 1-20,

                 Defendants-Appellees.

No. 19-35905

D.C. No. 3:18-cv-01131-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 28, 2020[**]
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs, in this civil action, allege fraud in connection with ownership interests in International Container Terminal Services, Inc. ("ICTSI"), a Philippines company. Both parties agree that the laws of the Philippines govern this lawsuit. The only connections this case has to the United States is the citizenship of de Borja and one subsidiary of ICTSI. The only connection to Oregon is the one subsidiary, ICTSI Oregon, Inc., which was formed in 2010, 20 years after the alleged fraud occurred.

The district court dismissed the action under the doctrine of *forum non conveniens*, among other grounds. The court also denied Plaintiffs' other pending motions including a motion for jurisdiction-related discovery. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We reverse a district court's decision to refuse jurisdiction-related discovery only "on the clearest showing . . . [of] actual and substantial prejudice to the litigant . . . ." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) (citation and quotation marks omitted). The district court had sufficient information to conduct the *forum non conveniens* analysis, including determining whether the Philippines was an adequate forum and balancing the public and private interests. The allegations in the complaint, as well as the declaration by de Borja, sufficiently show the case's lack of ties to Oregon and the Plaintiffs' desire

2

to forum shop. The requested *jurisdiction-related* discovery would not have aided the court with the *forum non conveniens* analysis. Accordingly, the district court did not err in denying jurisdiction-related discovery.

2. "A *forum non conveniens* determination is committed to the sound discretion of the district court." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) (citations omitted). We reverse only for "a clear abuse of discretion." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (quoting *Lueck*, 236 F.3d at 1143). No such abuse of discretion is present here. As a preliminary matter, "the court properly [took] the less burdensome course" and resolved the case on *forum non conveniens* grounds, without adjudicating the difficult jurisdictional questions. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007).

Further, the district court properly determined the Philippines to be an appropriate alternative forum, conducted a reasonable analysis of the public and private interest factors, and gave the appropriate deference to Plaintiffs' choice of forum. *See Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948–951 (9th Cir. 2017) (per curiam). Contrary to Plaintiffs's argument, the magistrate did not "improperly shift[] the burden": Defendants passed the "easy" test of demonstrating that the Philippines is an adequate forum by presenting an expert declaration and citing to

3

cases in which the Philippines was deemed to be an adequate forum. *See Tuazon*, 433 F.3d at 1178. Plaintiffs did not show that the unique circumstances made the Philippines an inadequate forum given the legal expert reports, the past cases against the *Razon* family, and the ongoing *estafa* case against Razon Jr. *See id.* at 1178–80 (shifting the burden of proving corruption to the plaintiff after the adequacy of the foreign forum was shown by the defendant). Plaintiffs' general reference to the power of the Razon family does not meet the required "powerful showing that includes specific evidence" to demonstrate an inadequate forum due to corruption. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234–35 (9th Cir. 2011) (cleaned up).

The district court considered all the public and private interest factors and properly held the balancing "strongly favor[s] dismissal under the doctrine of *forum non conveniens*." The district court evaluated all the factors, even though some did not have specific section headings. This case arose out of allegedly fraudulent transactions that were contemplated and executed in the Philippines by Philippine citizens and corporations, concerned Philippine stocks and assets, and involved Philippine government entities. De Borja does not reside in Oregon. And ICTSI Oregon is merely a nominal defendant in the case; Plaintiffs' alter ego argument regarding ICTSI Oregon is inapposite because the alter ego doctrine goes

4

to personal jurisdiction, not *forum non conveniens* analysis. *Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015).

The district court did not err by giving "very little deference" to Plaintiffs' choice of forum because the case lacked ties to the forum and Plaintiffs participated in forum-shopping. *See Vivendi SA v. T-Mobile U.S.A. Inc.*, 586 F.3d 689, 693–95 (9th Cir. 2009) (holding that "reduced deference" was proper when there was no showing that the fraud was connected to a U.S. entity and there was evidence of forum-shopping).

3. Finally, the district court did not err in dismissing the case without conditions. The types of conditions courts sometimes place on *forum non conveniens* dismissals would be inappropriate here. *See Carijano*, 643 F.3d at 1234–35 (discussing statute of limitations waivers and assurances of judgment satisfaction as proper conditions on dismissal). There is no reason to believe that Defendants will not submit to the jurisdiction of a court in the Philippines, as they are already submitting to jurisdiction in the *estafa* case. Further, any award would have to be enforced by a court in the Philippines, be it an award by a court in the United States or in the Philippines.

**AFFIRMED.**