**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOMOMI UMEDA, an Individual, and as
Successor-in-Interest to Yoshihiro Umeda,
deceased.; MIYU UMEDA, an Individual,
and Successor-in-Interest,

Plaintiffs-Appellants,

v.

TESLA, INC.,

Defendant-Appellee.

No.    21-15286

D.C. No. 5:20-cv-02926-SVK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Argued and Submitted December 7, 2021
Pasadena, California

Before:  BERZON, BEA, and NGUYEN, Circuit Judges.

After their family member Yoshihiro Umeda was fatally struck by a Tesla

Model X operating in Autopilot mode, Tomomi Umeda and Miyu Umeda

(collectively, "the Umedas") sued Tesla, Inc., in the Northern District of

California. Tesla filed a motion to dismiss the action on *forum non conveniens*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grounds, which the district court granted. The Umedas appealed.

We review a *forum non conveniens* dismissal for abuse of discretion, affording "substantial deference" to the district court's determination. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). To warrant dismissal, a defendant bears the burden of demonstrating 1) there exists an adequate alternative forum, 2) the balance of private interest factors favor dismissal, and 3) the balance of public interest factors favor dismissal. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).[1] The Umedas appeal only with respect to the private interest factors.

When considering the private interest factors, a district court has "the broadest possible discretion." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006). It can consider "any or all" of the factors it deems relevant, giving "appropriate weight to each." *Id.* (quoting *Lueck v. Sundstrand*

---

[1] Although the Umedas acknowledge that these three factors are the proper standard, they argue Tesla *also* "bore the burden to prove" that "litigation in the Appellants' chosen forum would 'result[] in oppressiveness and vexation . . . out of all proportion to the [Appellants'] convenience.'" Such a showing is not an independent requirement defendants must meet; it is what is determined by a balancing of the private and public interest factors. *See Carijano*, 643 F.3d at 1227; *Cooper v. Tokyo Elec. Power Co.*, 860 F.3d 1193, 1211 (9th Cir. 2017); *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948–51 (9th Cir. 2017) (per curiam). Moreover, because the Umedas are foreign plaintiffs, they do not enjoy the "strong presumption" a United States plaintiff would in favor of their chosen forum. *Carijano*, 643 F.3d at 1227. Their choice forum is entitled to less deference, and Tesla accordingly bears a lighter burden.

*Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001)). The private interest factors are the following:

> (1) the residence of the parties and the witnesses;
> (2) the forum's convenience to the litigants;
> (3) access to physical evidence and other sources of proof;
> (4) whether unwilling witnesses can be compelled to testify;
> (5) the cost of bringing witnesses to trial;
> (6) the enforceability of the judgment; and
> (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Cooper*, 860 F.3d at 1211 (citing *Carijano*, 643 F.3d at 1229). The district court here relied primarily on factors three through six—a focus *Tuazon* permits. The court considered the convenience to each party of the California forum compared to a Japanese forum, the parties' respective difficulty and ease of accessing evidence in each forum including costliness, and the enforceability of the judgment.

A district court does "not act unreasonably in concluding that fewer evidentiary problems would be posed if the trial were held" in a foreign forum closer to "[a] large proportion of the relevant evidence." *Piper*, 454 U.S. at 257–58. This principle has special force when the United States-based evidence is controlled by one of the parties. Indeed "the private interest factors weigh in favor of dismissal" when a district court concludes it "cannot compel production of much of the [foreign-based] evidence, whereas the parties control, and therefore can bring, all the United States evidence to [the foreign forum]." *Lueck*, 236 F.3d

3

at 1147.

The district court reasonably found such circumstances present here. Although "relevant evidence is located in both California and Japan," it observed, "[m]ost of the evidence identified by Plaintiffs concerns the design of Autopilot and is in the possession of Tesla," such that Tesla could furnish it in a Japanese forum. *See id.* at 1147. Further, the district court conditioned its dismissal on Tesla's agreement that the Umedas could depose the corporation using Federal Rule of Civil Procedure 30(b)(6).[2]

Testimony by *former* Tesla employees, however, is not under Tesla's control and would be more readily accessible in a California forum. The district court acknowledged this evidentiary difficulty, but noted, "Plaintiffs may have other avenues to pursue such evidence, such as the ability to seek discovery in the United States for use in a Japanese proceeding pursuant to 28 U.S.C. § 1782."[3] The district

---

[2] This Rule describes the requirements of a party's notice of deposition or subpoena directed to an organization, that is, where "the deponent" named is "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed. R. Civ. P. 30(b)(6).

[3] This statute provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the

4

court did not abuse its discretion in so reasoning.

Finally, the district court considered the enforceability of a judgment by a Japanese court. The Umedas do not argue the district court failed to consider this factor, nor could they. The district court conditioned its dismissal on Tesla's "agree[ment] to the enforceability of any Japanese judgment obtained by Plaintiffs in Japan, California, and elsewhere in the United States where Tesla has assets."

Although this panel might have reached a different result in the first instance, we cannot conclude that the district court abused its discretion in weighing the private interest factors as it did and dismissing for *forum non conveniens*.

**AFFIRMED.**

---

document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).